IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-233-SLP |
| ) | |
| ARTURO ALBERTO GONSEN ROMO, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion of Reconsideration for Reduction of Sentence Pursuant to Guideline Amendment 821 [Doc. No. 523]. Defendant seeks a reduction pursuant to Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.").

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At

step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[1]  *Id.*

Amendment 821 to the U.S.S.G. took effect on November 1, 2023, and applies retroactively.  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, §4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."  *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

Defendant was sentenced on January 24, 2024—after Amendment 821 took effect.  Indeed, he received the benefit of being a zero-point offender under the Amended Guideline.  *See* Final Presentence Investigation Report [Doc. No. 411] ¶ 38.  Accordingly, he is not eligible for a retroactive application of the guideline.  Defendant's pro se Motion is therefore DISMISSED.  *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS SO ORDERED this 24th day of March, 2025.

---

[1] Defendant attaches several certificates and records which, in his view, demonstrate "he is improving each day with an excellent productivity in his work." [Doc. No. 1] at 1.  The Court commends Defendant for his achievements, but these documents have no bearing on whether he is eligible for a sentence reduction at step one of the § 3582(c)(2) analysis.  And because Defendant is not eligible at step one, the Court need not weigh the applicable § 3553(a) factors at step two.

3

_____
**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**